Smith, J.
The judgment sought to be reversed in this case was rendered in an action brought by Maggie Egan against the city to recover damages. Her petition contained three separate causes of action. In the first she'sought to recover $2000 damages for an alleged injury by the city to her lot and the improvements thereon,abutting on a street, which she claims was, without warrant of law, filled to a great height in front of her property, In the second she sought to recover $700 damages, averring that to maintain and support the fill made on said street in front of her premises, the city built a high retaining wall along the same, shutting in her dwelling house, cutting off her access thereto, and depriving her of the necessary light and air from her premises, and built it so carelessly and negligently, that it afterwards cracked and allowed water and sewage to pass through the same and on to the foundation of her house, undermining the same, and greatly injuring it. In the third cause of action it is averred that in the construction of said wall, the city appropriated therefof a strip of her ground four feet wide and thirty-eight feet long,' and that the same is used by it as a necessary part of the street, and she has thereby been deprived of her property rights therein to her damage $800. The answer of the defendant, in substance, is a general denial of the averments of the petition, and sets up facts which it-is claimed show that the improvement was •legal and valid, and that for several reasons the plaintiff was not entitled to recover any damages. As a further answer to the second and third causes of action, it says that the retaining wall in question was placed there by the . defendant or her agents, This is denied by plaintiff’s reply.
At the trial of the case in the court of common pleas the evidence tended to prove that the city had contracted with a Mr. Neidemeyer to construct this improvement of the street *370 in front of and on either side of plaintiff’s premises. That it was a general contract to do work,such as filling and excavation, at certain prices per yard I believe, and so much for masonry per perch. There was no stipulation in the contract'as to this wall. The city offered evidence tending to prove that it was in fact built under a contract between Patrick Egan, th.e father of the plaintiff, and Mr. Neidemeyer, the contractor, who had made the other improvement for the city. The evidence as to this was, that Egan asked Neidemeyer if he had made up his mind how much he was going to charge for doing it. That he answered, yes — $3 per perch, provided he would allow him to use old perch (stone?) in the wall which then stood there — And to this Egan replied, “All right, go ahead and build it.”
In addition to this the city sought to prove by W. H. Bosh or L. F. Bosh, who were assistant city engineers, and one of them the officer in charge of this improvement, that no authority or direction had been given by the engineer in charge, to the contractor, to construct this retaining wall, and that in computing the estimate of the amount due from him to the city for work done on the street improvement, no estimate for the work done on this wall by him was made, and that the contractor, or his assignees,never received any pay from the city for such wall, The court refused to allow this evidence to be given, and the city duly excepted.
In this action we are of the opinion that the court erred to the prejudice of the defendant. The claim of the city was that it had never authorized this wall to be built by Neidemeyer, and had nothing to do with it, but that it was done by some one else; and there was evidence tending to show that it was done under an arrangement between Egan and the contractor. But why was it not competent for the city further to prove that it did not authorize Neidemeyer to do so, and that the cost of the wall was not included in the estimate of the amount payable to him under his con *371 tract with th® city, and that he nevar was paid anything for this wall by the city ? We see no good reason for its exclusion. The question whether it had been built by the city was one of the issues in the case, and any evidence fairly tending to prove that the city had not built .the wall, was competent •and relevant, and we think the evidence rejected was of that character.
The verdict of the jury was a general one in favor of the plaintiff for the sum of $--This or a part of it may have been on account of the claim made in the second and third causes of action — 'and as the amount found due on each cause ■of action cannot be ascertained,it follows that the judgment must be reversed.
We see no other error in the case.